**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN G. and GLORIA G., *as Parents and Natural Guardians of a Minor, J.M.G.*, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHEASTERN EDUCATIONAL INTERMEDIATE UNIT 19, SUSAN COMERFORD WZOREK, THE SCHOOL DISTRICT OF ABINGTON HEIGHTS, FRED R. ROSETTI, ED.D., CLARENCE LAMANNA, ED.D., DAVID ARNOLD, ED.D., WILLIAM MCNULTY, and MARIELLEN SLUKO, <br><br> Defendants. | CIVIL ACTION NO. 3:06-CV-1900 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint, or in the alternative, for Reconsideration of the Court's November 3, 2007 Order. (Doc. 78.) For the reasons set forth below, the motion to amend will be granted in part and denied in part.

## **BACKGROUND**

The Plaintiffs' original Complaint was filed on May 23, 2006. (Doc. 1 Ex. 1.) Plaintiffs filed their First Amended Complaint on September 6, 2006. (Doc. 1 Ex. 2.) On September 26, 2006, Defendants filed a notice of removal from the Court of Common Pleas of Lackawanna County, Pennsylvania to this Court, based on Plaintiffs' inclusion of

1

federal causes of action in their Amended Complaint.  (Doc. 1.)  Defendants filed three (3) motions to dismiss, and this Court granted in part and denied in part those motions on May 15, 2007.  (Docs. 5, 6, 7, 26.)  Defendant Susan Comerford Wzorek filed her Answer with Affirmative Defenses to the First Amended Complaint on December 5, 2007.  (Doc. 74.)  Defendants Northeastern Educational Intermediate Unit 19 ("NEIU"), Fred Rosetti, and Clarence Lamanna filed their Answer with Affirmative Defenses to the First Amended Complaint on December 7, 2007.  (Doc. 76.)

On October 25, 2007, the Plaintiffs filed their Second Amended Complaint, which was stricken by Order of the Court on December 3, 2007 for failure to follow Federal Rule of Civil Procedure 15(a)(2) and Local Rule of Civil Procedure 15.1. (Docs. 63, 73.)

On December 14, 2007, Plaintiffs filed the present Motion for Leave to File Amended Complaint.  (Doc. 78.)  Plaintiff's proposed Second Amended Complaint contains twelve (12) counts, which include both new counts and counts that were previously included in the First Amended Complaint.  (Doc. 78 Ex. 2.)

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARDS

### I. Motion to Amend Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is

apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000).

It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *See Heyl*, 663 F.2d at 425; *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). Merely claiming prejudice, however, is not enough to prevent the leave from being granted. *See Heyl*, 663 F.2d at 426. The non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [moving party's] amendments been timely." *Id.* When the motion for leave to amend is made before trial begins, prejudice *vel non* generally turns on whether the non-moving party would be able, without undue burden, to conduct any additional discovery necessitated by the amendment. *See, e.g., Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (possibility that some additional discovery would be required was not unduly prejudicial).

3

**II.     Motion for Reconsideration**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry.  FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002).  "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."  *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).  Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Plaintiffs' proposed Second Amended Complaint contains twelve (12) Counts against various municipal and individual Defendants.  Count I alleges violations of the Fourteenth Amendment, including violations of the due process clause based upon the Defendants' failure to provide a free appropriate public education ("FAPE") to the minor-Plaintiff against all Defendants.  (Doc. 78 Ex. 2 ¶ 63.)  Count II alleges direct violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA") against all Defendants.  (*Id.* ¶ 68.)  Count III alleges assault and battery against individual Defendant Wzorek.  (*Id.* ¶¶ 70-74.)  Count IV alleges intentional infliction of emotional distress against individual Defendant Wzorek.  (*Id.* ¶¶ 75-81.)  Count V is alleged against individual Defendant Wzorek for breach of fiduciary duty.  (*Id.* ¶¶ 82-88.)  In Count VI, Plaintiffs request punitive damages from individual Defendant Wzorek.  (*Id.* ¶¶ 90-99.)  Count VII contains a second allegation of intentional infliction of emotional distress, but against individual Defendants Lamanna, Rosetti, Sluko, McNulty, and Arnold.  (*Id.* ¶¶ 101-113.)  Count VIII contains a second allegation of breach of fiduciary duty against Defendants NEIU, the School District of Abington, Lamanna, Rosetti, Sluko, McNulty, and Arnold.  (*Id.* ¶¶ 115-121.)  Count IX includes a negligence claim against Defendants Lamanna, Rosetti, Sluko, McNulty, and Arnold. (*Id.* ¶¶ 123-128.)  Count X includes a punitive damages claim against individual Defendants Lamanna, Rosetti, Sluko, McNulty, and Arnold.  (*Id.* ¶¶ 133-140.)  Count XI contains an allegation regarding a violation of Section 504 of the Rehabilitation Act against Defendants NEIU, the School District of Abington Heights, and Susan Wzorek.  (*Id.* ¶¶ 142-148.)  Finally, Count XII contains

allegations of willful misconduct against all Defendants.  (*Id.* ¶¶ 147-153.)

Plaintiffs argue that their motion to amend should be granted because it excludes individual defendants from the Section 504 claims, removes punitive damages for the Section 504 claims, and clarifies that punitive damages are not being requested from the municipal defendants.  Plaintiffs argue that the Second Amended Complaint incorporates two new claims, namely a Section 504 claim and a claim pleading an exception to governmental immunity based on "willful misconduct" based on the Pennsylvania Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8550 ("PSTCA").

Defendants argue that the request for a Second Amended Complaint should be denied on several grounds.  First, Defendants argue that the Court dismissed the procedural and substantive due process claims brought pursuant to the Fourteenth Amendment in its May 15, 2007 Order.  (Doc. 26.)  Defendants make similar arguments with respect to the inclusion of municipal Defendants in the punitive damages claims and the inclusion of Defendant Abington School District in the fiduciary duty claim.  Defendants are correct that these claims have been previously denied.  Their inclusion in the Second Amended Complaint does not reinstate the claims.  *See Jack A. Danton, D.O., P.C. v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 91-0013, 1991 WL 165211, at *1 (E.D. Pa. Aug. 23, 1991) (granting in part and denying in part a motion to amend when the plaintiffs included "the very same Counts that have been dismissed at least once before.").  Therefore, the Plaintiffs' motion to amend will be denied to the extent it attempts to reinstate previously dismissed claims.

Second, Defendants argue that a Section 504 claim may not be brought against an individual Defendant.  In this case, Count XI contains an allegation of violations of

6

Section 504 of the Rehabilitation Act against Defendants NEIU, the School District of Abington Heights, and Susan Comerford Wzorek.  A Section 504 claim may be brought against programs or activities receiving Federal financial assistance.  29 U.S.C. § 794.  Therefore, this claim as a whole is not futile, as it alleges violations by the NEIU and the Abington School District.  In *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791 (3d Cir. 2007), the Third Circuit Court of Appeals held that "[s]uits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals." *Id.* at 804 (citing *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002)).  As individual defendants do not receive federal aid, a plaintiff may not state a claim against them pursuant to the Rehabilitation Act.  *Emerson*, 296 F.3d at 190.  Therefore, to the extent that Plaintiffs bring a claim against Defendant Wzorek, the motion to amend will be denied.

Finally, Defendants argue that Count XII, which alleges "willful misconduct," is a defense, rather than a cause of action.  The Pennsylvania Supreme Court has held that "willful misconduct," in the context of the Political Subdivision Tort Claims Act ("PSTCA"), is synonymous with an intentional tort.  *Renk v. City of Pittsburgh*, 641 A.2d 289, 291-92 (Pa. 1994).  Willful misconduct has been defined within the bounds of Pennsylvania torts, such as assault and battery.  *Id.*  However, willful misconduct itself is not a cause of action.  As willful misconduct itself is not an actionable claim, the motion to amend will be denied as to this count.  Defendants correctly note that the Court previously considered immunity in its May 15, 2007 Order.  At that time, the Court held that the Plaintiffs had adequately pled acts of willful misconduct through the allegedly abusive acts by the

7

individual Defendants.

There is no showing that there was undue delay, bad faith, or dilatory motive on the part of the Plaintiffs. Plaintiffs filed their Second Amended Complaint only a few months after the Court ruled on the motion to dismiss on May 15, 2007. Furthermore, there has been no "repeated" failure to cure. Although some of the previously dismissed claims remain in the Second Amended Complaint, they may remain for purposes of appeal, and are not reinstated by this version of the complaint. There is no undue prejudice to the Defendants. Although Defendants argue that they will be prejudiced by the requirement to file another motion to dismiss, such prejudice is not undue. Finally, the amendment for a Section 504 included in the Complaint is not entirely futile. To the extent that the Count includes individual Defendant Wzorek, the motion to amend will be denied. However, to the extent the Plaintiffs allege claims against the municipal defendants, the motion to amend will be granted. Count XII, which alleges willful misconduct, cannot survive a motion to dismiss, as willful misconduct itself is not a claim for which relief can be granted. Therefore, the motion to amend with respect to this claim will be denied. As no prejudicial, bad faith, or other improper circumstances exist, leave to amend should be freely given. Therefore, the Plaintiffs' motion for leave to file an amended complaint will be granted in part and denied in part. As the Court will grant in part Plaintiffs' motion to amend, it will not discuss Plaintiffs' motion to reconsider.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for leave to amend the complaint is granted in part and denied in part.

An appropriate Order follows.


February 1, 2008                             /s/ A. Richard Caputo
Date                                         A. Richard Caputo
                                             United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN G. and GLORIA G., *as Parents and Natural Guardians of a Minor, J.M.G.*, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHEASTERN EDUCATIONAL INTERMEDIATE UNIT 19, SUSAN COMERFORD WZOREK, THE SCHOOL DISTRICT OF ABINGTON HEIGHTS, FRED R. ROSETTI, ED.D., CLARENCE LAMANNA, ED.D., DAVID ARNOLD, ED.D., WILLIAM MCNULTY, and MARIELLEN SLUKO, <br><br> Defendants. | NO. 3:06-CV-1900 <br><br> (JUDGE CAPUTO) |

## ORDER

**NOW**, this __1st__ day of February, 2008, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 78) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. **DENIED** with respect to reinstating any counts dismissed by the Court's May 15, 2007 Order. (Doc. 26.)

    b. **DENIED** as to Count XI's inclusion of Defendant Wzorek in the Section 504 claim.

    c. **DENIED** as to the inclusion of the "willful misconduct" claim in Count XII.

    d. **GRANTED** as to all other counts.

2.	The Clerk of Court is directed to detach the Second Amended Complaint (Doc. 78 Ex. 3) attached to Plaintiffs' Motion and file it of record forthwith.  The Second Amended Complaint shall be deemed to have been served on the date of this Order for the purpose of determining the time for response under Fed. R. Civ. P. 15(a).


							/s/ A. Richard Caputo
							A. Richard Caputo
							United States District Judge